**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 94-40225
Summary Calendar

JOSE CANDELARIO MENDOZA-SOLIS,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION
SERVICE,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
(INS No. A29-993-730)

(September 2, 1994)

Before POLITZ, Chief Judge, DUHÉ and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:[*]

Jose Candelario Mendoza-Solis, a citizen of Mexico, petitions for review of a final order of deportation by the Board of Immigration Appeals. We deny review.

Background

In 1989 Mendoza-Solis became a temporary resident as a

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

seasonal agricultural worker (SAW). He lost his temporary resident card, applied for a replacement, and was given a receipt by the INS for the replacement cost. Soon thereafter he returned to Mexico and there sustained an injury. He attempted entry near Del Rio, Texas, intending to secure medical attention, but the Border Patrol agents refused him entry because he lacked proper identification. As a last resort, on April 2, 1990, Mendoza-Solis crossed the border illegally and without inspection, wading across the Rio Grande River. He was apprehended around 1:00 a.m. the next morning by a deputy sheriff who called the Border Patrol because he suspected that Mendoza-Solis and his three companions in the vehicle were illegal aliens. In an affidavit executed at the time, Mendoza-Solis stated that he had entered illegally because he believed he would again be denied entry if he presented himself for inspection.

The INS sought a declaration of deportability. The immigration judge, however, determined that Mendoza-Solis could not be deported until termination of his lawful temporary resident status. The BIA reversed, concluding that the Immigration and Nationality Act provides for automatic termination of SAW temporary resident status upon entry of a final deportation order. On remand Mendoza-Solis contended that he had gained lawful permanent resident status by operation of law on December 3, 1991, resulting in a waiver of any action to deport him for his previous entry without inspection; that his deportability should be equitably estopped because he was refused lawful admission despite

2

presentation of his INS receipt; and that the evidence of his illegal entry should have been suppressed because he was apprehended without probable cause in violation of the fourth amendment. Rejecting each claim, the immigration judge declared Mendoza-Solis deportable. The BIA affirmed. Mendoza-Solis timely petitioned for review.

Analysis

On appeal Mendoza-Solis reurges his equitable estoppel and fourth amendment claims and additionally asserts that the Act is facially unconstitutional because it authorizes automatic loss of residency status without notice.

First, Mendoza-Solis maintains that the government illegally refused him entry, ignoring his receipt. His illegal entry only occurred, he claims, because of the agents' misconduct and, consequently, the government should be equitably estopped from deporting him. To prevail he must show that the denial of entry was tantamount to "willfulness, wantonness, and recklessness."[1] He failed, however, to present valid identification corroborating that he was the person named on the receipt. Under the circumstances, the agents' refusal of entry was not unreasonable. Equitable estoppel against the government does not lie.

Mendoza-Solis's fourth amendment issue is similarly unpersuasive. He claims that the deputy sheriff detained him without probable cause and that evidence thereof should have been suppressed. He misperceives the law. It is well established that

---

[1]**Fano v. O'Neill**, 806 F.2d 1262, 1265 (5th Cir. 1987).

the fourth amendment exclusionary rule is not to be applied in deportation proceedings.[2]

Finally, Mendoza-Solis claims that the Act is facially unconstitutional, depriving him of due process and equal protection by allowing SAW temporary residency status to be revoked automatically and without independent notice upon issuance of a deportation order[3] while the temporary residency of non-SAWs must be terminated prior to initiation of deportation proceedings.[4] The government correctly points out that the "automatic" revocation of residency without notice when a SAW is declared deportable does not deprive him of either notice or an opportunity to contest the revocation. Because the grounds for loss of status in this context are identical to the grounds for deportation, the alien contests the revocation at the deportation hearing, of which he received notice, by there challenging the grounds for deportation. Indeed, the loss of status is not a separate matter or action under the statute, but merely a consequence of deportation. Notice of a deportation hearing is a notice that a SAW may lose his or her temporary residency. The absence of separate notice does not breach due process protections.

Mendoza-Solis's implicit equal protection challenge also fails. Congress may legitimately draw distinctions between classes

---

[2] **INS v. Lopez-Mendoza**, 468 U.S. 1032 (1984); **Smith Steel Casting Co. v. Brock**, 800 F.2d 1329 (5th Cir. 1986).

[3] 8 U.S.C. § 1160(a)(3)(A).

[4] 8 U.S.C. § 1255a.

of aliens.[5] The distinction between SAW temporary residency, which requires of the applicant only 90 days of seasonal agricultural work per year,[6] and section 245A temporary residency, which is afforded only to aliens who have continuously resided in and been continuously physically present in the United States for many years,[7] is an obvious one. Congress did not violate equal protection requirements by providing a lower thershold for revoking the more easily obtained SAW temporary residency.

Petition for review DENIED.

---

[5] **Fiallo v. Bell**, 430 U.S. 787 (1977).

[6] 8 U.S.C. § 1160(a)(1)(B)(ii).

[7] 8 U.S.C. § 1255a(a)(2), (3).