## MATTER OF FELIX

### In Deportation Proceedings

### A–17236014

*Decided by Board May 17, 1972*

A motion to reopen or reconsider, submitted with the required fee, may not be rejected as inadequate without a written adjudication stating the basis for decision.

CHARGE:

Order: Act of 1952—Section 241(a)(2) (8 U.S.C. 1251(a)(2))—Nonimmigrant visitor—remained longer than permitted.

ON BEHALF OF RESPONDENT:
Earl R. Steen, Esquire
840 North Broadway
Suite 200
Los Angeles, California 90012

ON BEHALF OF SERVICE:
Charles Gordon
General Counsel

This case is before us pursuant to our order dated February 23, 1972, directing that the record be certified to us for review under 8 CFR 3.1(c).

Respondent is a 44-year-old male alien, native and citizen of the Philippines, who was admitted to the United States on or about September 12, 1965 as a nonimmigrant visitor and has remained longer than permitted. At a hearing before a special inquiry officer on August 23, 1968, respondent admitted the truth of the factual allegations of the order to show cause and conceded deportability. The special inquiry officer found him to be deportable as charged and granted him the privilege of departing voluntarily on or before September 22, 1968, with provision for an alternate order of deportation if he failed to depart when and as required. Respondent did not appeal to this Board and the special inquiry officer's order became administratively final. On respondent's failure to depart voluntarily within the time limited, the alternate order of deportation vested.

Notified to surrender for deportation on January 18, 1972, respondent filed a petition for review in the United States Court of Appeals for the Ninth Circuit, No. 72-1098. On January 20, 1972,

143

counsel for respondent filed with the Service a motion to reopen the deportation proceedings, with the requisite filing fee. The motion, which was unsworn and unsupported, recited that respondent is the beneficiary of an approved sixth preference visa petition and is eligible for third preference status. Reopening of the deportation proceedings was requested in order that respondent might seek the privilege of indefinite voluntary departure.

In a letter to counsel dated January 28, 1972, the special inquiry officer returned the motion without action, for the stated reason that he did not consider it to be a proper motion because it failed to meet the requirements of the regulations.[1] The Service's General Counsel, questioning the propriety of the special inquiry officer's disposition of the motion, formally called the matter to our attention and we directed that the record be certified to us for review, subject to consent of the Court of Appeals, which has been granted.

Judging by the terms of his letter to counsel, the special inquiry officer rejected the motion without adjudicating it. In our view, it is impermissible to dispose of a fee-paid motion in this fashion. A respondent in a deportation proceeding who files a motion and submits the required fee is entitled to an adjudication by the tribunal having jurisdiction.[2] The decision need not be long or elaborate. However summary, it should state the basis for decision sufficiently, so that an appellate tribunal can appraise it. Decisions of special inquiry officers on motions in deportation proceedings are appealable to this Board under 8 CFR 3.1(b)(2). An alien's right to have this Board on appeal review the adverse decision of a special inquiry officer would be rendered nugatory if the special inquiry officer were permitted thus summarily to reject his motion without adjudicating it.

We do not know why the special inquiry officer in this case took the course he did. Perhaps it was to circumvent what he considered a frivolous and time-consuming appeal to this Board, to be followed by equally frivolous and time-consuming litigation in the courts. Dilatory motions to reopen, filed on the eve of deportation, and dilatory appeals to this Board are not unknown to the special inquiry officers and to us. We have taken steps to eliminate ready opportunities for delay. Under our recently amended regulations, an automatic stay of deportation is no longer provided on appeal from a special inquiry officer's order denying a motion to reopen [3], and oral argument on such an appeal is no longer available as a

---

[1] The pertinent requirements are set forth in 8 CFR 103.5 and 242.22.

[2] 8 CFR 103.5: "... Rulings upon motions to reopen or motions to reconsider shall be by written decision ..."

[3] 8 CFR 3.6(b), as added by 36 F.R. 316 (January 9, 1971).

matter of right.[4] We give priority to the consideration and determination of such appeals.

There is no sound reason why we should not treat the special inquiry officer's letter of January 28, 1972 as a written decision denying the notion. The reasons why the special inquiry officer did not grant the motion are clearly stated and his statement that the motion "is returned without action" is, in a realistic sense, the equivalent of a denial. Treating that letter as denial adjudication, we conclude that the motion was properly denied.

Not only did the motion fail to conform to the requirements of the regulations (footnote 1, *supra*), but even if supported it could not make out a *prima facie* case for reopening. What respondent sought by the motion was a reopening of the deportation proceedings so that indefinite voluntary departure could be requested. But reopening of the proceedings for this purpose would be meaningless; even if the proceedings were reopened, the special inquiry officer would have no power to grant the relief sought. Indefinite voluntary departure is exclusively within the power of the District Director. If, in the exercise of his prosecutive discretion, he declines to authorize indefinite voluntary departure and instead issues an order to show cause, neither the special inquiry officer nor this Board on appeal possesses power to review that discretionary determination, *Matter of Geronimo*, 13 I. & N. Dec. 680 (BIA, 1971).

ORDER: The denial of the respondent's motion to reopen is affirmed.

⋆

---

[4] 8 CFR 3.1(e), as amended by 36 F.R. 316 (January 9, 1971).