## MATTER OF M-P-

In Deportation Proceedings

A-29966235

*Decided by Board April 28, 1994*

When a motion to reopen deportation proceedings is denied, the immigration judge must identify and fully explain the reasons for such decision; otherwise, the parties are deprived of a fair opportunity to contest the immigration judge's determination on appeal, and the Board of Immigration Appeals is unable to meaningfully exercise its responsibility of reviewing the decision in light of the arguments advanced on appeal.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT: Ernesto Varas, Esquire
1840 Coral Way, Suite 303
Miami, Florida 33145

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members


This case is before us on appeal from a decision of the immigration judge dated September 12, 1991, denying the respondent's motion to reopen his deportation proceedings in order to apply for asylum and withholding of deportation. The record will be remanded.

In tracing the procedural history of this case we note that on May 5, 1989, an immigration judge granted the respondent's motion to change venue in his case from Harlingen, Texas, to Miami, Florida. The record reflects that a hearing was conducted on September 26, 1989, in Miami, but the respondent did not appear.

Accordingly, the immigration judge conducted the hearing in absentia and issued a decision finding the respondent deportable as charged and ordering his deportation to Nicaragua, his country of citizenship. No appeal was taken. On August 29, 1991, the respondent filed a motion to reopen requesting an opportunity to apply for asylum and withholding of deportation. Appended to the motion were a Request for Asylum in the United States (Form I-589) and a number of supporting documents.

In a decision dated September 12, 1991, the immigration judge

denied the motion, merely stating that the motion had been "duly considered" and that "no substantial grounds [had] been advanced to warrant its grant." The immigration judge did not provide any further explanation or otherwise state the basis for denying the motion. The respondent appealed.

In *Matter of Felix*, 14 I&N Dec. 143 (BIA 1972), this Board stated:

> A respondent in a deportation proceeding who files a motion and submits the required fee is entitled to an adjudication by the tribunal having jurisdiction. The decision need not be long or elaborate. However summary, it should state the basis for decision sufficiently, so that an appellate tribunal can appraise it. Decisions of [immigration judges] on motions in deportation proceedings are appealable to this Board .... An alien's right to have this Board on appeal review the adverse decision of [an immigration judge] would be rendered nugatory if the [immigration judge] were permitted thus summarily to reject his motion without adjudicating it.

*Id.* at 144 (footnote omitted); *see also Matter of Correa*, 19 I&N Dec. 130 (BIA 1984) (finding decision of immigration judge granting motion to reopen by use of a conclusory order to be inadequate where reasons for granting such motion were not articulated); *Matter of Daryoush*, 18 I&N Dec. 352 (BIA 1982) (finding decision of district director insufficient where it failed to explain reasons for denying a request for a reduction in bond even though federal regulations do not specifically set forth such a requirement in such circumstances); 8 C.F.R. § 242.18(a) (1993) (requiring immigration judge to discuss evidence pertinent to any application for relief made pursuant to 8 C.F.R. § 242.17 and to state reasons for granting or denying such relief).

Although the immigration judge in the case before us adjudicated the respondent's motion, he did not provide any explanation, however brief, of his reasons for doing so. Hence, the respondent is left to speculate as to the reasoning employed by the immigration judge in reaching his decision. This Board is placed in the same position. Since the immigration judge did not articulate the reasons for his decision, it is not known whether he denied the motion because it failed to (1) reasonably explain the respondent's absence at the hearing conducted September 26, 1989; (2) meet the regulatory requirements for reopening; (3) be supported by new evidence not previously available; (4) reasonably explain why the respondent did not apply for asylum and withholding of deportation in the prior proceedings; (5) establish a prima facie case for reopening; or (6) establish that reopening was merited as a matter of discretion. *See generally* 8 C.F.R. §§ 3.2, 3.8(a), 103.5(a), 242.22 (1993); *Matter of Coelho*, 20 I&N Dec. 464 (BIA 1992), and cases cited therein.

When a motion is denied and the reasons for such denial are either unidentified or not fully explained, an alien is deprived of a fair

opportunity to contest that determination on appeal. Similarly, this Board is unable to meaningfully fulfill its responsibility of reviewing the immigration judge's denial of the motion in light of the arguments advanced on appeal. Therefore, we find it appropriate to remand the record in the instant case for consideration of the motion and preparation by the immigration judge of a decision explaining his reasoning.

Accordingly, the record will be remanded to the immigration judge to further consider the motion and enter a new decision which explains the reasons for such decision.

**ORDER:** The record is remanded to the immigration judge for further proceedings in accordance with the foregoing opinion and the entry of a new decision.