# In re A-P-, Respondent

*Decided January 26, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A summary decision pursuant to 8 C.F.R. § 240.12(b) (1998) may properly be issued by an Immigration Judge in removal proceedings in lieu of an oral or written decision only when the respondent has expressly admitted to both the factual allegations and the charges of removability; and, either the respondent's ineligibility for any form of relief is clearly established on the pleadings; or, after appropriate advisement of and opportunity to apply for any form of relief for which it appears from the pleadings that he or she may be eligible, the respondent chooses not to apply for relief or applies only for, and is granted, the relief of voluntary departure.

(2) A summary decision should adequately link the respondent's admissions to the factual allegations and the charges of removability to the applicable law.

(3) When an Immigration Judge issues an oral decision, the transcribed oral decision shall be included in the record in a manner that clearly separates it from the remainder of the transcript.

Sandrine Lisk-Anani, Esquire, Wichita, Kansas, for respondent

Richard J. Averwater, Assistant District Counsel, for the Immigration and Naturalization Service

Before:  Board En Banc:  SCHMIDT, Chairman; VACCA, HEILMAN, VILLAGELIU, COLE, ROSENBERG, MATHON, GUENDELSBERGER, and JONES, Board Members. Concurring and Dissenting Opinion: HOLMES, Board Member, joined by DUNNE, Vice Chairman; HURWITZ, FILPPU, GRANT, and SCIALABBA, Board Members.

HEILMAN, Board Member:

We have jurisdiction over this timely appeal pursuant to 8 C.F.R. § 3.1(b) (1998). The respondent has appealed the Immigration Judge's January 29, 1998, "decision," which ordered his removal to Laos. We have reviewed the regulations relevant to the form and content of Immigration Judges' decisions in removal proceedings, and we have additionally considered the principles of fundamental fairness, adequate notice, and the effi-

cient administration of appeals. Because we conclude that a proper decision has not been issued in this case, we will remand the record to the Immigration Judge for preparation of an appropriate decision.

## I. SUMMARY OF FACTS

At a hearing before the Immigration Judge, the 22-year-old respondent, who was at that time unrepresented by counsel, admitted to the allegations in the Notice to Appear (Form I-862). His admissions to the factual allegations establish that, after he was paroled into the United States as a refugee and subsequently adjusted his status to that of a lawful permanent resident, he was convicted on May 3, 1995, in the District Court of Sedgwick County, Kansas, of two counts of aggravated assault, for which he was sentenced to concurrent 16-month terms of imprisonment.

The respondent did not expressly concede that this offense rendered him removable as charged under sections 237(a)(2)(A)(iii) and (C) of the Immigration and Nationality Act, 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (C) (Supp. II 1996).[1] After the respondent expressed his fear of persecution should he be required to return to his native country of Laos, the Immigration Judge considered both oral testimony from the respondent and documentary evidence of his conviction. The transcript of the hearing reflects that the Immigration Judge advised the respondent that he was statutorily ineligible for asylum due to his conviction for an aggravated felony. The transcript also includes a brief discussion by the Immigration Judge of the circumstances of the respondent's offense, which concludes with the Immigration Judge's determination that the respondent's conviction was for a particularly serious crime, rendering him ineligible for the relief of withholding of removal.

At the conclusion of the hearing, the Immigration Judge issued a document captioned "Order of the Immigration Judge" ("Order"). The text of the January 29, 1998, Order simply states:

> Upon the basis of the respondent's admissions, I have determined that the respondent is subject to removal on the charge(s) in the Notice to Appear.
>
> Respondent has made no application for relief from removal.
>
> It is HEREBY ORDERED that the respondent be removed from the United States to LAOS on the charge(s) contained in the Notice to Appear.

---

[1]After the respondent admitted to the factual allegations, the Immigration Judge did not require the respondent to admit or deny that he was removable as charged. *See* 8 C.F.R. § 240.10(c) (1998). The Immigration Judge proceeded to advise the respondent as follows: "[B]ased on what you've told me, I do find that you are subject to being removed from the United States."

The Order concluded with the requisite "boilerplate" warnings pertaining to the future immigration consequences of failure to appear for removal when so ordered by the Immigration and Naturalization Service. The Order was signed and dated by the Immigration Judge. The respondent's timely appeal followed.

## II. REGULATIONS PERTAINING TO DECISIONS BY IMMIGRATION JUDGES IN REMOVAL PROCEEDINGS

Concomitant with the creation of the new removal proceedings now codified at section 240 of the Act, 8 U.S.C. § 1229a (Supp. II 1996), came the implementing revisions to Title 8 of the Code of Federal Regulations. While 8 C.F.R. § 3.37 (1998) remains in effect as the general regulation pertaining to decisions of Immigration Judges, a regulation specific to the decisions of Immigration Judges in removal proceedings may now be found at 8 C.F.R. § 240.12 (1998). That regulation provides:

> (a) *Contents.* The decision of the immigration judge may be oral or written. The decision of the immigration judge shall include a finding as to inadmissibility or deportability. The formal enumeration of findings is not required. The decision shall also contain reasons for granting or denying the request. The decision shall be concluded with the order of the immigration judge.
>
> (b) *Summary decision.* Notwithstanding the provisions of paragraph (a) of this section, in any case where inadmissibility or deportability is determined on the pleadings pursuant to § 240.10(b) [sic][2] and the respondent does not make an application under § 240.11, the alien is statutorily ineligible for relief, or the respondent applies for voluntary departure only and the immigration judge grants the application, the immigration judge may enter a summary decision or, if voluntary departure is granted, a summary decision with an alternate order of removal.
>
> (c) *Order of the immigration judge.* The order of the immigration judge shall direct the respondent's removal, or the termination of the proceedings, or such other disposition of the case as may be appropriate. When removal is ordered, the immigration judge shall specify the country, or countries in the alternate, to which the respondent's removal shall be directed. The immigration judge is authorized to issue orders in the alternative or in combination as he or she may deem necessary.

8 C.F.R. § 240.12.

Paragraph (a) of the regulation provides general guidelines for the required content of a full oral or written decision. Paragraph (b) permits

---

[2]We note that the regulation erroneously refers to 8 C.F.R. § 240.10(b) as the provision pertaining to the respondent's pleadings in removal proceedings. The correct provision is 8 C.F.R. § 240.10(c).

Immigration Judges, in the limited circumstances described below, to issue a decision in a more abbreviated format. The regulation refers to such decisions as "summary decisions" but is silent as to their required content. Paragraph (c) pertains to the Immigration Judge's order, which historically, and by regulation, has been recognized as separate from the Immigration Judge's decision on the issues of removability and relief. Based on the title and content of the document issued in this case, we would view it as the "order of the immigration judge" described in § 240.12(c), rather than as a decision. However, it appears that the Immigration Judge intended that his January 28, 1998, Order serve as a summary decision under 8 C.F.R. § 240.12(b). We will review the regulatory requirements that must be satisfied before a decision in summary form pursuant to § 240.12(b) is permitted. Further, because we find that those requirements have not been met in this case, we will discuss whether the Immigration Judge's discussion within the transcript suffices as a proper oral decision under § 240.12(a).

## III. REGULATORY REQUIREMENTS FOR ISSUING SUMMARY DECISIONS

While the regulations authorize an Immigration Judge to issue summary decisions in specifically defined circumstances, we have found increasingly that their use has not been confined to those specific circumstances authorized by the regulations. The Immigration Judge's issuance of a summary decision in the circumstances presented in this case may be consistent with prior practice. However, the conditions imposed by the new regulations for the use of summary decisions have not been satisfied. The regulation at 8 C.F.R. § 240.12(b) expressly limits the use of summary decisions to cases where "inadmissibility or deportability is determined on the pleadings pursuant to § 240.10[c]." *See supra* note 2.

The regulations define when removability has been determined on the pleadings as follows:

*Pleading by respondent*. The immigration judge shall require the respondent to plead to the notice to appear by stating whether he or she admits or denies the factual allegations and his or her removability under the charges contained therein. *If the respondent admits the factual allegations and admits his or her removability under the charges and the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that removability as charged has been established by the admissions of the respondent* . . . . When, pursuant to this paragraph, the immigration judge does not accept an admission of removability, he or she shall direct a hearing on the issues.

8 C.F.R. § 240.10(c) (1998) (emphasis added).

When read in conjunction with § 240.12(b), § 240.10(c) confines the Immigration Judge's authority to issue a "summary decision" to those cases where the respondent admits to the factual allegations and the charges of removability, and "the immigration judge is satisfied that no issues of law or fact remain." In such circumstances, removability has been "determined on the pleadings" without the need for any further evidentiary hearing. We emphasize the requirement stated in § 240.10(c) that the alien "admits his or her removability under the charges" in order for removability to be considered determined on the pleadings. This requirement is one that is frequently overlooked when Immigration Judges issue documents that they consider to be appropriate summary decisions under § 240.12(b). The requirement is not met when an Immigration Judge determines that an alien is removable based solely on his or her admissions to the factual allegations, as the regulation is specific in requiring an admission to the charges of removability. 8 C.F.R. § 240.10(c). We also note that, in removal proceedings, which are initiated for the purpose of determining whether an alien will be removed from this country, remaining "issues of law or fact," which would preclude the use of a summary decision under the regulation, would necessarily include issues related to the alien's apparent eligibility for relief from removal.

We note that 8 C.F.R. § 240.11(a)(2) (1998) imposes on Immigration Judges the duty to "inform the alien of his or her apparent eligibility to apply for any of the benefits enumerated in this chapter and shall afford the alien an opportunity to make application during the hearing." We therefore read the regulations pertaining to removal proceedings as providing for the use of a summary decision format only in cases where, based on the alien's admissions to the factual allegations and to the charges of removability, it can be determined without further inquiry or analysis that he or she is ineligible for any form of relief; or, after the Immigration Judge has advised the alien regarding any forms of relief for which he or she appears to be eligible, the alien does not seek to apply for relief from removal; or the alien has sought and has been granted only the relief of voluntary departure. 8 C.F.R. §§ 240.10(c), 240.12(b). Accordingly, we find that the regulations impose the following requirements for the issuance of a summary decision in lieu of a full oral or written decision:

(1) The respondent expressly admits to the factual allegations in the Notice to Appear;

(2) the respondent expressly admits that he or she is removable as charged; and

(3) one of the following conditions applies:

 (a) The respondent does not apply for any form of relief after having been
 advised by the Immigration Judge, in compliance with 8 C.F.R. § 240.11(a)(2),

of any form of relief for which he or she is apparently eligible based on the pleadings and afforded an opportunity to apply for such relief at the hearing; or,

(b) the respondent applies only for the relief of voluntary departure after having been advised by the Immigration Judge, in compliance with 8 C.F.R. § 240.11(a)(2), of any other form of relief for which he or she is apparently eligible based on the pleadings and afforded an opportunity to apply for such relief at the hearing, and voluntary departure is granted by the Immigration Judge; or

(c) the respondent's ineligibility for any form of relief is clearly established by the pleadings themselves, without the need for further fact-finding or analysis.

## IV. APPLICATION OF THE REGULATORY REQUIREMENTS FOR SUMMARY DECISIONS TO THE FACTS OF THIS CASE

In the present case, the respondent did not expressly admit that he was removable as charged, as is required before a summary decision may be issued in lieu of a full oral or written decision. Further, even if the respondent had expressly admitted to the charges, issues relating to his eligibility for withholding of removal would have remained unresolved. When an alien has been convicted of an aggravated felony or felonies, unless the pleadings establish that the aggregate term of confinement imposed is at least 5 years, the admissions and concessions to the pleadings do not in themselves establish statutory ineligibility for the relief of withholding of removal. *See* section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3) (Supp. II 1996).[3] The proceedings must continue to resolve the question of whether or not the alien's aggravated felony conviction is for a particularly serious crime, rendering him or her statutorily ineligible for withholding of removal.[4] The Immigration Judge's findings in this regard should be set forth in his or her decision. The regulations do not confer authority to the Immigration Judges to issue a summary decision when further fact-finding or analysis is necessary to resolve an issue that remains after the respondent

---

[3]The section 241(b)(3)(A) restriction on removing an alien to a country where the alien's life or freedom would be threatened does not apply when "the alien, having been convicted of a particularly serious crime, is a danger to the community of the United States." Section 241(b)(3)(B)(ii) of the Act. Section 241(b)(3)(B) further provides that "[f]or purposes of clause (ii), an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime."

[4]We note that the evidentiary hearing need not go beyond this issue once the Immigration Judge has a proper basis for determining that the conviction is for a particularly serious crime, and that denial of the application is therefore mandatory under section 241(b)(3)(B)(ii) of the Act and 8 C.F.R. § 208.16(c)(2) (1998).

has admitted to the factual allegations and charges of removability. *See* 8 C.F.R. §§ 240.10(c), 240.12(b).

We also note that the Immigration Judge's "decision" does not completely portray what transpired at the hearing. The "Order" states that the "Respondent has made no application for relief from removal." In actuality, what happened was that the Immigration Judge pretermitted an application for withholding of removal after concluding, upon his consideration of matters beyond the pleadings, that one of the grounds for mandatory denial applied. While it is arguably correct that in one sense the respondent did not formally apply for relief, it was clear that he desired to have his removal to Laos withheld, but that his opportunity to do so was pretermitted following an evidentiary hearing.[5] We do not find that this is a circumstance under which the regulations would contemplate a summary decision being entered, rather than a decision that explains to the respondent why he or she is being found ineligible for the desired relief from removal.

## V. CONTENTS OF SUMMARY DECISIONS

Additionally, although the regulations are silent regarding the form and content of a summary decision in removal proceedings, we expect even these abbreviated decisions to link the admitted factual allegations to the section or sections of the Act which determine the respondent's removability, and which determine his or her apparent eligibility for relief. In those specified situations where the regulations provide for the use of a summary decision, a full discussion of the relevant facts and lengthy analysis of the law is not necessary. However, the Immigration Judge's decision is the means by which an alien is notified of the basis for the Immigration Judge's decision. A "generic" form like the one used in this case, which does not meaningfully reflect any individualized assessment of the law applicable to the respondent's case, undermines the very crucial role played by Immigration Judges in the implementation of our nation's immigration laws. An Immigration Judge's decision that lacks reference to the controlling law may not provide an adequate opportunity to the alien, who in many cases is unrepresented, to contest the Immigration Judge's determinations on appeal. *See generally Matter of M-P-*, 20 I&N Dec. 786 (1994). As a result, this Board may be left without adequate means of performing its primary appellate function of reviewing the bases stated for the Immigration Judge's decision in light of the arguments advanced on appeal. *Id.*

---

[5]We note that there is no separate application form for withholding of removal.

Accordingly, even when the regulatory requirements for the issuance of a summary decision have been met, including the requirement that the respondent admit to the charges of removability, a summary decision should adequately link the respondent's admissions to the statutory provisions and/or legal precedent that are dispositive of the issues of his or her removability and relief. A summary decision, when used as contemplated by the regulation, may be very brief. It may well be possible that forms may be developed that allow the Immigration Judge to annotate relevant individual information in such a way that there is a sufficient link between the admitted factual allegations and charges and the applicable law. For example, in cases where an alien has admitted to the charge that he or she has been convicted of an aggravated felony, we would expect the Immigration Judge to annotate the specific paragraph in section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1994 & Supp. II 1996), within which the alien's conviction falls.

Regarding the availability of relief from removal, we would consider it appropriate for the Immigration Judge to make specific and pertinent annotations which advise the alien of the basis for the determination that he or she is ineligible for relief. This connection between the alien's admissions to the pleadings and the specific statutory provision that renders the alien ineligible for relief would provide the alien some measure of notice of the basis for the Immigration Judge's decision.[6] When there is a controlling legal precedent interpreting the relevant statute, that precedent should also be noted. Alternatively, in those cases where the regulatory requirements for the use of a summary decision are met and the alien's admissions have not foreclosed the possibility of relief, the summary decision should specify the forms of relief for which the alien may be eligible, note that the alien was properly advised of and provided an opportunity to apply for those forms of relief, and state either that the alien did not seek to apply for relief, or that

---

[6]We caution that in those cases where the alien has not been charged under section 237(a)(2)(A)(iii), and there is consequently no admission to a pleading alleging that an offense for which he or she has admitted conviction is an aggravated felony, it is often necessary for the Immigration Judge to examine the record of conviction or complete further analysis in order to make the legal determination that the admitted offense is an aggravated felony, and that the alien is therefore statutorily ineligible for certain forms of relief. Additionally, before an offense can be determined to be an aggravated felony under sections 101(a)(43)(B), (C), (D), (E), (F), (H), (I), (J), (K), (L), (M), or (P), an examination of the record of conviction, as well as reference to, and analysis of, the federal statutes cited in those sections of the Act, is generally necessary. In these circumstances, where the Immigration Judge is required to consider matters outside the pleadings, we would find that the regulatory requirements for issuing a summary decision have not been met. Rather, an oral or written decision reflecting the Immigration Judge's application of the relevant law to the facts must be issued.

he or she sought only the relief of voluntary departure and such relief was granted. 8 C.F.R. §§ 240.10(c), 240.11(a)(2), 240.12(b).


## VI. REFERENCE TO THE TRANSCRIPT TO DETERMINE THE BASIS FOR AN IMMIGRATION JUDGE'S "DECISION"

Although it is apparent on this record that the Immigration Judge intended that the January 29, 1998, Order serve as a summary decision under 8 C.F.R. § 240.12(b), the Service takes the position that the Immigration Judge has issued a factually and legally correct oral decision. Although § 240.12(a) does not describe the physical aspects of a proper oral decision, we find that the appellate process is best served when the oral decision is set apart from the transcript of the proceedings such that it is readily identifiable as the Immigration Judge's complete decision. In the case before us, the transcript contains scattered findings of fact and conclusions of law, but there is no clearly defined "decision" by the Immigration Judge.

"The Board is an appellate body whose function is to review, not to create, a record." *Matter of Fedorenko*, 19 I&N Dec. 57, 74 (BIA 1984). The regulation pertaining to the contents of the record in removal proceedings, 8 C.F.R. § 240.9 (1998), provides that "[t]he hearing before the immigration judge, including the testimony, exhibits, applications, proffers, and requests, the immigration judge's decision, and all written orders, motions, appeals, briefs, and other papers filed in the proceedings shall constitute the record in the case." We view § 240.9 as contemplating an Immigration Judge's decision that is a separate and distinct part of the record from the transcript of the testimony.

Additionally, aliens facing removal from this country, this Board, and reviewing federal circuit courts of appeals should not be required to pore through the transcript of proceedings to find the Immigration Judge's decision. We note that, in many cases, an Immigration Judge will make determinations on the issue of removability at the master calendar hearing and will make determinations regarding the respondent's eligibility for various forms of relief at subsequent hearings. We have increasingly been confronted with instances where the Immigration Judge's findings of fact and conclusions of law are scattered throughout the transcript and made piecemeal during hearings that take place on different days. Even when the Immigration Judge states his or her oral decision at the conclusion of the final hearing, it is frequently not clearly identified as the oral decision in the transcript, and at times is set forth in a manner that leaves the parties and the Board to speculate as to where the decision begins and ends, and whether additional legal and factual determinations have been pronounced elsewhere in the transcript.

Accordingly, when an oral decision is rendered, the record should include a complete decision of the Immigration Judge in a manner that clearly separates it from the transcript of the proceedings.[7] In addition to being required to separate the decision from the transcript of the hearing, the Immigration Judge is also responsible for the substantive completeness of the decision. Although there is no formal requirement for the Immigration Judge to list each factual finding, an oral decision must accurately summarize the relevant facts, reflect the Immigration Judge's analysis of the applicable statutes, regulations, and legal precedents, and clearly set forth the Immigration Judge's legal conclusions.

## VII. CONCLUSION

As we have discussed, the regulatory requirements for the issuance of a summary decision under 8 C.F.R. § 240.12(b) have not been met in this case. Additionally, to the extent that the Immigration Judge may have intended that his discussion in the transcript alternatively serve as an oral decision under § 240.12(a), we find that the overlapping concerns of fundamental fairness and the efficient administration of the appellate process require that when an oral decision is rendered, it be identified as such and separated from the transcript of proceedings. Accordingly, this record is remanded to the Immigration Judge for the inclusion of an appropriate oral or written decision. The respondent and the Immigration and Naturalization Service should be served with a copy of the decision. The record should then be forwarded to the Board for the setting of a briefing schedule, as provided in 8 C.F.R. § 3.3(c)(1) (1998), and for our subsequent consideration of the appeal.[8]

**ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with this opinion.

---

[7]We recognize that there may be instances where the Immigration Judge has issued a full and uninterrupted oral decision at the conclusion of the hearing, but that, for some reason, the transcriber does not separate the decision from the remainder of the transcript. If the oral decision is readily identifiable as such, and it is fully and uninterruptedly contained at the end of the transcript, we may find it unnecessary to remand for the sole purpose of breaking the decision apart from the transcript as a whole. As a general rule, however, we will require that the decision be physically separated from the transcript.

[8]During the pendency of this appeal, the respondent filed a motion to remand the record to the Immigration Court for consideration of a request for relief pursuant to Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. The Immigration Judge need not address the motion on remand. Our recent decision in *Matter of H-M-V-*, 21 I&N Dec. 3365 (BIA 1998), which holds that neither the Immigration Judge nor this Board has jurisdiction over such claims, is dispositive of the respondent's motion.

Board Member Anthony C. Moscato did not participate in the decision in this case.

*CONCURRING AND DISSENTING OPINION:* David B. Holmes, Board Member, in which Mary Maguire Dunne, Vice Chairman; Lauri Steven Filppu, Edward R. Grant, Gerald S. Hurwitz, and Lori L. Scialabba, Board Members, joined

I respectfully concur in part and dissent in part.

The majority opinion sets forth the regulatory requirements that must be satisfied before an Immigration Judge may issue a summary decision under the provisions of 8 C.F.R. § 240.12(b) (1998) and concludes that, in this case, the use of a summary decision was improper. The majority further discusses what should be contained in a summary decision in those cases where the regulatory requirements for issuing a summary decision have been met. Finally, the majority provides a general discussion of oral decisions, concluding that oral decisions should be separate documents, rather than part of the transcript. The majority finds that a proper decision was not issued in this case and remands the record for the preparation of a full oral or written decision.

I concur that remand is appropriate in the circumstances presented in this case. However, I write separately to express my understanding of the regulatory requirements for the issuance of summary decisions; to dissent from those parts of the majority opinion in which I believe that the majority has unnecessarily imposed requirements on Immigration Judges beyond those stated or contemplated by the current regulations; and to clarify that I would adhere to the principle of "harmless error" and ordinarily would not remand a record solely on the basis of the format of the Immigration Judge's decision, in the absence of some prejudice to the respondent, particularly where no challenge to the adequacy of the Immigration Judge's decision is raised on appeal.

## I. REGULATORY REQUIREMENTS FOR THE ISSUANCE OF A SUMMARY DECISION

I generally agree with the majority's discussion regarding the circumstances under which the issuance of a summary decision is appropriate under the provisions of 8 C.F.R. § 240.12(b). That regulation specifically requires that removability must be determined on the pleadings "pursuant to [8 C.F.R.] § 240.10[c]." 8 C.F.R. § 240.12(b) (altered to include correct subsection). In addition to requiring an admission to the factual allegations, a requirement that was satisfied in this case, 8 C.F.R. § 240.10(c) (1998) requires an admission that the alien is removable under the charges, a con-

cession that was lacking in this case. I agree with the majority that a summary decision should not be entered under 8 C.F.R. § 240.12(b) unless "the respondent admits the factual allegations and admits his or her removability under the charges." 8 C.F.R. § 240.10(c).

The regulations also require that the Immigration Judge must be "satisfied that no issues of law or fact remain" before determining removability based on a respondent's admissions. 8 C.F.R. § 240.10(c). I do not agree with the majority's view of the meaning of this language. The majority finds that this phrase "necessarily include[s] issues related to the alien's apparent eligibility for relief from removal." *Matter of A-P-*, 22 I&N Dec. 468, at 472 (BIA 1999). However, particularly when read in context, it would seem clear that the "issues of law or fact" language refers to issues *pertinent to removability*, rather than to relief. This language is most reasonably read as meaning that, irrespective of an alien's admission to removability, an Immigration Judge should not order an alien removed on the basis of the pleadings alone when the Immigration Judge has reason to believe that the respondent may not, in fact, be subject to removal. For example, if, in the course of the proceedings, an alien raises facts which suggest a claim to United States citizenship, or which indicate that the conviction on which removability is premised is on direct appeal, the regulations do not contemplate that an order of removal would be entered "on the pleadings" without such issues of law or fact being resolved. In such situations, where the Immigration Judge must go beyond the pleadings to determine removability, the regulations do not permit the issuance of a summary decision. Rather, a decision should be entered that addresses and resolves these remaining issues of law or fact.

Interpreting the "issues of law or fact" phrase as referring only to issues related to removability is supported by the manner in which the general regulations relating to procedures in removal proceedings are structured. *See* 8 C.F.R. §§ 240.10, 240.11, 240.12 (1998). Matters pertaining to relief from removal are separately and specifically covered in § 240.11(a)(2), which discusses the Immigration Judge's duty to inform the alien of his or her apparent eligibility for relief, and to afford the alien an opportunity to apply for such relief.

The principal point of the § 240.12(b) requirement that removability must be "determined on the pleadings," as "pleading by the respondent" is defined in § 240.10(c), is that a summary decision is *not* appropriate in cases where an alien either does not specifically admit his removability, or where removability is admitted, but the Immigration Judge nonetheless determines that issues of law or fact relating to the alien's removability remain to be resolved.

The regulation itself treats the precondition that removability be established on the pleadings as separate from the requirement that there be no issues regarding the alien's eligibility or desire to apply for relief. Under §

479

240.12(b) a summary decision may be entered by the Immigration Judge "in any case where inadmissibility or deportability is determined on the pleadings pursuant to § 240.10(b) [sic] *and* the respondent does not make an application under § 240.11, the alien is statutorily ineligible for relief, or the respondent applies for voluntary departure only and the immigration judge grants the application." (Emphasis added.) Thus, the issue of relief appears to be a distinct question from the determination of removability on the pleadings when assessing whether a summary decision may be issued.

Satisfaction of the additional requirements in § 240.12(b) for the issuance of a summary decision presents its own set of problems, as the phrases "the alien is statutorily ineligible for relief" and "the respondent does not make an application" are open to differing interpretations. For example, turning first to the "statutorily ineligible" language, if pushed to its extreme, an argument could be made that, after determining removability on the pleadings, an Immigration Judge could hold extensive evidentiary hearings on the issue of relief, conclude that the alien did not meet his or her burden of establishing statutory eligibility, and then issue a summary decision on the theory that the alien was statutorily ineligible for relief. Thus, in theory, a hearing on the issue of the "exceptional and extremely unusual hardship" that is statutorily required for the relief of cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1) (Supp. II 1996), could end with the Immigration Judge concluding that this statutory requirement was not satisfied, and the issuance of a summary decision without discussion of the reasons for the finding that the hardship requirement had not been met. Obviously, this is not what is intended by § 240.12(b).

However, where the precise line should be drawn for determining when it is appropriate for issuance of a summary decision on a "statutorily ineligible for relief" basis is subject to argument. The majority construes this language narrowly, requiring that the alien's statutory ineligibility for relief be evident from the pleadings. Where further analysis and fact-finding is required before it can be determined that an alien is ineligible for relief, the majority finds a summary decision impermissible under the regulations.

Certainly, an argument can be made for interpreting the "statutorily ineligible for relief" language somewhat more broadly. I would find it reasonable to interpret this regulatory provision to permit going beyond the pleadings and considering other admitted or uncontested facts in determining whether a summary decision was appropriate.[9] However, the majority's

---

[9]For example, there are crimes that are defined as aggravated felonies without regard to the sentence imposed. In such cases, the factual allegations in the charges need not reference the relevant sentence. If a respondent who concedes removability as an alien convicted of such an aggravated felony also admits that he or she was sentenced to a term of imprisonment of at least 5 years, I think one could reasonably interpret § 240.12(b) as permitting the issuance of a summary decision.

position is not unreasonable and presents the practical advantage of drawing a clear line. I therefore do not dissent from that portion of the majority opinion.

The "did not apply" language of § 240.12(b) is also subject to interpretation. In a literal sense, an alien whose application for relief is pretermitted by the Immigration Judge has not applied for relief. However, that is because he or she has not been allowed to apply. I agree with the majority that to say that an alien did not apply in such cases inaccurately reflects what occurred at the hearing. *See also Matter of You Fu Wang*, 15 I&N Dec. 297 (BIA 1975). I therefore concur that, where an alien seeks to apply for relief under § 240.11, a summary decision is not appropriate unless it can be determined on the pleadings that the respondent is statutorily ineligible for relief. Where further fact-finding and analysis is required to support a finding of statutory ineligibility, the Immigration Judge should enter a decision which explains the alien's ineligibility for relief.

In the case before us, I think it clear that the respondent wished to have his removal to Laos withheld under the provisions of section 241(b)(3)(B) of the Act, 8 U.S.C. § 1231(b)(3)(B) (Supp. II 1996). The pleadings reflect that his sentence for his aggravated felony conviction was for less than 5 years, which means that his conviction is not conclusively a particularly serious crime under the withholding statute. Moreover, subsequent to the Immigration Judge's decision, we have clarified the standards under which it should be determined whether such an aggravated felony is a particularly serious crime that renders a respondent ineligible for withholding of removal under section 241(b)(3)(B)(ii) of the Act as an alien who "having been convicted of a particularly serious crime, is a danger to the community of the United States." *See Matter of S-S-*, 21 I&N Dec. 3374 (BIA 1999). In this case, I agree that a summary decision was not appropriate, both because the respondent did not concede removability and because the Immigration Judge's decision should have included the analysis under which the respondent was found to be statutorily ineligible for withholding of removal. With regard to this latter point, I would not find that the error was harmless on the record presently before us. Accordingly, I would remand the case for further proceedings with regard to the respondent's eligibility for withholding of removal and for the entry of a new decision thereafter.

In my view, the decision of the majority could stop here. However, the majority continues with a discussion of what a summary decision should contain in those cases where the regulations would allow for its use. The majority then addresses the appropriateness of looking to the transcript for the Immigration Judge's decision.

## II. "CONTENT" OF A SUMMARY DECISION

I respectfully dissent from Part V of the majority decision, which discusses what the content of a summary decision should be when a summary decision *is permitted* under the provisions of § 240.12(b). The term "summary decision" and the Immigration Judges' authority to issue such a decision are not new to the regulatory aftermath of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"). In fact, summary decisions have a long history in deportation proceedings dating back at least to 1956. *See* 8 C.F.R. § 242.17(b) (1956). *See generally Matter of You Fu Wang, supra.* The most recently superseded regulation pertaining to summary decisions, 8 C.F.R. § 242.18(b) (1997), which specifically referred to the outdated Forms I-38 and I-39, had its origins in the regulations promulgated in 1956; and even the present regulation governing procedures in deportation proceedings, 8 C.F.R. § 240.50(b) (1998), references the use of Forms EOIR-6 and EOIR-7. The content of these various form decisions is not meaningfully different from that of the decision entered by the Immigration Judge in this case. Thus, summary decisions historically have been just that—concise, conclusory decisions similar in format and content to the decision entered by the Immigration Judge here. The regulation that we are interpreting today, § 240.12(b), does not specify the forms to be used for issuing summary decisions in removal proceedings, but I find no basis to conclude that a fundamentally different "summary decision" was contemplated from that which has been used for many decades.

One can argue that the regulations should be revised to incorporate the content requirements discussed by the majority in section V of their decision. However, looking to the recently redrafted regulations pertaining to Immigration Judge's decisions, I find nothing in the regulations themselves, or in the published regulatory summary of the regulations, which either expressly or implicitly adds new requirements for the content of summary decisions. Since the present regulations neither mandate nor contemplate that summary decisions contain information beyond that which has historically been included, I would not impose on the Immigration Judges the content requirement discussed in the majority opinion.

What is most important, in my opinion, is that *the record* support the accuracy and appropriateness of the conclusory statements made in the summary decision. A summary decision should not state that an alien "did not apply" for relief when he or she in fact sought to do so, but was precluded from applying, or when the Immigration Judge failed to advise the alien of his or her apparent eligibility for relief. The error in such circumstances is not that the summary decision says too little, but that what it does say does not fairly reflect what occurred during the proceedings. However, in those cases where a summary decision *is* appropriately issued, for exam-

ple, where the record confirms that the Immigration Judge properly advised the alien of the forms of relief for which he or she appeared eligible, and the alien stated that he or she did not want to apply for any relief, then I would find no error under the existing regulations in the issuance of a summary decision that says no more than the Immigration Judge's decision in this case. In my view, the regulations incorporate fundamental fairness principles by only allowing the use of a summary decision in narrow circumstances where a conclusory order, in the nature of those that have historically been issued, is sufficient.

Accordingly, I dissent from Part V of the majority opinion.

## III. LOOKING TO THE TRANSCRIPT FOR THE IMMIGRATION JUDGE'S DECISION

Part VI of the majority opinion, which addresses the manner in which an oral decision should be included in the record, is largely dicta in this case. Although the Immigration and Naturalization Service argues that the Immigration Judge issued an oral decision that is included in the transcript, it seems clear to me that the Immigration Judge did not intend his discussion in the transcript as his decision. Rather, the Immigration Judge concluded that it was appropriate in this case to issue a summary decision, which he then entered. Given the general high quality of this Immigration Judge's decision-making, I have little doubt that, had he not concluded that a summary decision was appropriate, he would have issued a more formal decision than the limited discussion found in this transcript.

I am not entirely certain of what the majority is requiring in its discussion in Part VI. I note at the outset that I find that the general standard of Immigration Judge decision-making is extremely high, despite the often very demanding conditions under which those decisions are made. However, I certainly concur with the majority to the extent that they are saying that an Immigration Judge's oral decision should be entered "[a]t the conclusion of the proceedings" and should be recognizable as such. *See* section 240(c)(1)(A) of the Act, 8 U.S.C. § 1229a(c)(1)(A) (Supp. II 1996). I would also agree that having the Immigration Judge direct the transcriber to prepare the oral decision in a separate, formally-captioned format is the preferred approach, which normally results in a more professional—at least in appearance—decision, and one which can better serve the potential appellate process.

That being said, however, I recognize that oral decisions are not always entered in such a manner. Rather, at times, at the conclusion of the hearing, Immigration Judges enter oral decisions, which are transcribed as part of the entire transcript of the proceedings, without separate captioning. I find no statutory or regulatory prohibition against this approach, nor do I find it

inherently unfair, so long as the transcript reflects that an adequate oral decision was, in fact, entered at the conclusion of the proceedings. I think it is fair to state that this practice has a long history that has not resulted in reversal of an Immigration Judge's decision for reasons of form alone. Thus, I do not concur in the majority's seeming requirement that the oral decision be "separate" from the transcript. Perhaps it is a matter of semantics, but I view oral decisions as inevitably a part of the "transcript of proceedings," irrespective of whether they are readily amenable to separate transcription in a formally-captioned document. I do not agree that the failure to follow the more formal approach necessarily implies "error" by the Immigration Judge, and I would not remand cases simply for the preparation of a more formally formatted oral decision.

What I do find problematic are those cases in which an Immigration Judge signs a form which indicates that it is a "summary of the oral decision," and which advises that if the case is appealed, the oral decision will be transcribed and serve as the Immigration Judge's decision in the case; but, when the hearing is transcribed it does *not* reflect a cohesive or identifiable oral decision. Such cases are far from the norm, but they do occur. An alien in proceedings as serious as those routinely presided over by Immigration Judges is entitled to a "decision" that is recognizable as such. And the statute and the regulations, as well as professionalism, common sense, and simple fairness require more than a series of disjointed and/or unsupported findings spread throughout the transcript that, in practical effect, would require the alien or an appellate authority to construct an after-the-fact "decision."

I finally note in this regard that I am principally concerned with the substance, rather than the format, of an Immigration Judge's decision. If an Immigration Judge enters a decision of the nature described in footnote 7 of the majority opinion, that is, a comprehensive decision entered at the conclusion of the hearing, I would not find such a decision to be issued in a manner that is contrary to the statute, the controlling regulations, or principles of fundamental fairness simply because it was not entered as a more formal, separately captioned document. To the extent that the majority may be holding otherwise, I dissent.

## IV. "HARMLESS ERROR" RULE SHOULD BE APPLIED

As a final matter, I note that I do not understand the majority, in deciding to remand on the facts of this case, to have abandoned the principle of "harmless error," the principle that not all errors dictate a reversal or remand in the absence of prejudice. *See, e.g., Matter of Santos*, 19 I&N Dec. 105 (BIA 1984); *Matter of Sibrun*, 18 I&N Dec. 354 (BIA 1983)*,* and cases cited therein; *cf. Matter of Charles*, 16 I&N Dec. 241 (BIA 1977) (remand-

ing a case that involved a myriad of procedural errors). In the circumstances presented here, I am not satisfied that the Immigration Judge's error in issuing a summary decision was harmless. Accordingly, I concur that remand is appropriate. However, in cases where the error is simply one of form, with no prejudice evident, I would not remand for the entry of a new decision.

## V. CONCLUSION

I concur that on the facts of this case the issuance of a summary decision was not appropriate, and that the record should be returned to the Immigration Judge for further proceedings related to the respondent's eligibility for withholding of removal, and for the issuance of an oral or written decision under 8 C.F.R. § 240.12(a). I dissent from those portions of the majority opinion that impose on Immigration Judges requirements for which I find no support in the current regulatory scheme, and which I do not find to be essential to fairness in these proceedings. Specifically, in the absence of a change in the regulations, I would not require that Immigration Judges expand the content of summary decisions beyond what they have historically included, nor would I conclude that the law or regulations mandate that the oral decision must be separated from the transcript. Finally, even in cases where it is determined that an Immigration Judge erred in the manner in which a decision was issued, I would adhere to the principle of "harmless error," and ordinarily I would not remand unless it was evident that the erroneous format of the decision prejudiced the alien in some meaningful way.