MEMORANDUM **
1. This court lacks jurisdiction to review the Board of Immigration Appeals (“Board”)’s affirmance of the Immigration Judge’s denial of the petitioners’ request for administrative closure. Diaz-Covarrubias v. Mukasey, 551 F.3d 1114, 1120 (9th Cir.2009) (citing Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002)). As this court has stated, under such “administrative closure,” an immigration judge or the Board “removes a case from its docket as a matter of ‘administrative convenience.’ ” Id. at 1116 (citing In re Gutierrez-Lopez, 21 I. & N. Dec. 479, 480 (BIA 1996)). The Board has stated that it will grant such closure only if both parties agree to it. In re Gutierrez-Lopez, 211. & N. Dec. at 480. The Immigration Judge denied administrative closure because the government refused to agree to it.
2. The Immigration Judge’s decision whether to grant a continuance is a matter within his discretion, and he did not abuse that discretion by denying a continuance here. An immigration judge may grant a continuance “for good cause shown.” 8 C.F.R. § 1003.29; accord Baires v. INS, 856 F.2d 89, 91 (9th Cir. 1988). At the time the continuance was requested, the petitioners had already conceded removability. The petitioners sought a continuance to enable them to request the government to agree to administrative closure on humanitarian grounds, namely, Mendoza’s and his son’s medical problems. Since the government had stated that it would not agree to administrative closure, the Immigration Judge had no reason to grant a continuance. Petitioners have no constitutionally-protected liberty interest in administrative closure, as it is a matter of “administrative convenience.” In re Gutierrez-Lopez, 21 I. & N. Dec. at 480.
3. The failure of the Immigration Judge to write a separate opinion denying the requested continuance does not require us to grant the petition for review. The Immigration Judge found that the petitioners were removable, based on their own admissions, and that the only relief they were seeking was voluntary departure, which he granted.
The petitioners’ reliance on In re A-P-22 I. & N. Dec. 468 (BIA 1999), is misplaced. Unlike the present case, the alien in A-P- did not admit he was removable, and there was a disputed issue that precluded a “summary decision.” 22 I. & N. Dec. 468, *2, *10. Here the petitioners conceded the charges in the notice to appear and sought a continuance for the sole purpose of seeking administrative closure, to which they had no legal right in the first place. Under these circumstances, and because the petitioners do not claim they suffered any “confusion regarding the reasons for the Immigration Judge’s entry of an order of removal,” In re Rodriguez-Carillo, 22 I. & N. Dec. 1031, 1033 (BIA 1999), a separate written opinion denying a *755 continuance would have added nothing to the appellate-review process.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.