**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARIA ELDA IBARRA,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 12-9545
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Maria E. Ibarra seeks review of the Board of Immigration Appeals' (BIA)

decision affirming the denial of her petition for cancellation of removal under

8 U.S.C. § 1229b(b)(1). The BIA found that Ms. Ibarra's 2003 Colorado conviction

for child abuse was a "crime of child abuse," as used in 8 U.S.C. § 1227(a)(2)(E)(i),

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

precluding her eligibility for the Attorney General's discretionary ability to cancel a removal proceeding. On appeal, Ms. Ibarra argues that the immigration judge's (IJ) summary decision was deficient and that the BIA erred in applying a new decision in its review. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

Ms. Ibarra, a native and citizen of Mexico, entered the United States on a nonimmigrant visitor visa in 1998, and failed leave when her authorized six-month stay expired. In 2003, Ms. Ibarra was convicted by a jury of child abuse, knowingly or recklessly resulting in bodily injury to a child, in violation of Colo. Rev. Stat. §§ 18-6-401(1)(a) and (7)(a)(V).[1] In 2009, the Department of Homeland Security (DHS) served her with a notice to appear (NTA) charging her with removability as an alien who entered the United States on a nonimmigrant visa and remained longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). Ms. Ibarra conceded removability but sought cancellation of removal.

---

[1]     Section 18-6-401 provides in relevant part:

> (1)(a) A person commits child abuse if such person causes an injury to a child's life or health, or permits a child to be unreasonably placed in a situation that poses a threat of injury to the child's life or health . . .
>
> . . .
>
> (7)(a) Where death or injury results, the following shall apply:
> (V) When a person acts knowingly or recklessly and the child abuse results in any injury other than serious bodily injury, it is a class 1 misdemeanor. . . .

- 2 -

DHS moved to pretermit her application arguing she was statutorily ineligible for cancellation of removal because of her child abuse conviction. The Attorney General may exercise discretion to cancel the removal of a nonpermanent resident only if the alien meets the requirements in § 1229b(b)(1), one of which is not having been convicted of certain offenses, including "crimes against children." 8 U.S.C. § 1227(a)(2)(E)(ii) ("[a]ny alien who at any time after admission is convicted of . . . a crime of child abuse . . . is deportable."). In an oral decision issued in 2010, the IJ found that Ms. Ibarra's child abuse conviction rendered her statutorily ineligible for cancellation of removal and granted DHS's motion to pretermit.

Ms. Ibarra appealed to the BIA, arguing her conviction under § 18-6-401 is not categorically a crime of child abuse and that the IJ did not support her finding with any legal precedent. While her BIA appeal was pending, the BIA ruled that a "crime of child abuse" is "not limited to offenses requiring proof of injury to the child," and specifically held "that the full range of conduct proscribed by section 18-6-401(1)(a) of the Colorado Revised Statutes falls squarely within the definition of a 'crime of child abuse.'" *Matter of Soram*, 25 I. & N. Dec. 378, 381, 385-86 (BIA 2010). Based on *Soram* and its de novo review, the BIA affirmed the IJ's decision.

Under 8 U.S.C. § 1252(a)(2)(B)(i), our review of the BIA's denial of Ms. Ibarra's request for discretionary relief from removal is limited to constitutional claims and questions of law. *Arambula–Medina v. Holder*, 572 F.3d 824, 828

- 3 -

(10th Cir. 2009). We review the BIA's legal determinations de novo. *Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009).

Ms. Ibarra does not contend that *Matter of Soram* was wrongly decided or based on an impermissible construction of § 1227(a)(2)(E)(i). Rather, she raises two procedural challenges. First, Ms. Ibarra contends that the IJ failed to provide a sufficient legal analysis in her oral decision that a conviction under § 18-6-401(1)(a) is a "crime of child abuse" under § 1227(a)(2)(E). She argues the BIA should have remanded to require the IJ to explain her reasoning in accordance with *Matter of A-P-,* 22 I. & N. Dec. 468 (BIA 1999). *Matter of A-P-* requires an IJ issuing a summary decision to clearly apprise the parties of the factual and legal basis of her decision. *Id*. at 474-75. Here, the IJ issued an oral, not a summary, decision, and cited the relevant statutory provisions making persons convicted of child abuse ineligible for removability; noted the documentation for Colorado certifying Ms. Ibarra's conviction for knowing or reckless child abuse; found that DHS provided this certification documentation to Ms. Ibarra; and concluded that Ms. Ibarra failed to provide any adequate response to negate DHS's factual or legal assertion that her conviction rendered her ineligible for removal. R. at 43-44. Remand is not required under *Matter of A-P* where, as here, the respondent had notice of the factual and legal basis of the decision and had an adequate opportunity to contest them on appeal, the uncontested facts established at the hearing are

dispositive of the issues raised on appeal, and the hearing was fundamentally fair. *See Matter of Rodriguez-Carillo*, 22 I. & N. Dec. 1031, 1033 (BIA 1999).

Next, Ms. Ibarra contends the BIA should not have applied *Matter of Soram* because it was decided after she filed her appeal, arguing the BIA is limited to merely reviewing the record. To the contrary, we recently held that "[t]he BIA is required to apply new law to its review." *Sosa-Valenzuela v. Holder*, 692 F.3d 1103, 1110 (10th Cir. 2012) (internal quotation marks omitted). Retroactive application of new precedent may be inappropriate if it overrules clear past precedent or it would otherwise be inequitable to do so. *See id.*, 1111 at n.3, *citing In re Mersmann*, 505 F.3d 1033, 1051 (10th Cir. 2007) (en banc), *abrogated on other grounds by United Student Aid Funds, Inc. v. Espinosa*, ––– U.S. –––, 130 S. Ct. 1367 (2010). But *Matter of Soram* did not overrule past precedent, and it was not an unforeseeable disposition. The BIA held in 2008, two years before DHS moved to pretermit in Ms. Ibarra's case, that the term "crime of child abuse" should be interpreted "broadly to mean any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being." *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (BIA 2008).

Accordingly, the petition for review is denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge