# In re Efrain AMAYA-Castro, Respondent

## File A73 755 129 - Harlingen

*Decided August 23, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Service of an Order to Show Cause issued against a minor under 14 years of age may properly be made on the director of a facility in which the minor is detained pursuant to 8 C.F.R. § 103.5a(c)(2)(ii) (1996).

(2) Although under 8 C.F.R. § 242.16(b) (1996), an Immigration Judge may not accept the admission to a charge of deportability by an unaccompanied and unrepresented minor under the age of 16, the regulation does not preclude an Immigration Judge from accepting such a minor's admissions to factual allegations, which may properly form the sole basis of a finding that such a minor is deportable.

(3) Even where an unaccompanied and unrepresented minor under the age of 16 years admits to the factual allegations made against him an Immigration Judge must take into consideration the minor's age and pro se and unaccompanied status in determining, after a comprehensive and independent inquiry, whether the minor's testimony is reliable and whether he understands any facts that are admitted, such that his deportability is established by clear, unequivocal, and convincing evidence.

FOR RESPONDENT: Kimberly A. Kolch, Esquire, Harlingen, Texas

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Elsa Escobar Rodriguez, Assistant District Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members.

DUNNE, Vice Chairman:

In a decision dated June 26, 1995, an Immigration Judge found the respondent deportable as charged under section 241(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(B) (1994), and ordered him deported from the United States to Honduras. The respondent has appealed. The appeal will be dismissed in part and sustained in part, and the record will be remanded.

# I.  ISSUES

The issues presented by this appeal are: (1) whether the Order to Show Cause was properly served upon a minor under the age of 14 years by serving that document on the director of a facility in which the minor was detained; (2) whether a finding that an unaccompanied and unrepresented alien under the age of 16 years is deportable may be based solely on that alien's factual admissions; and (3) whether the examination of the respondent upon which the finding of his deportability was based was conducted with the care required in the case of an unaccompanied and unrepresented minor under the age of 16 years.

# II.  SERVICE OF THE ORDER TO SHOW CAUSE

The respondent was born on May 11, 1982.  On May 2, 1995, 9 days before the respondent reached the age of 13 years, the Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing (Form I-221) charging the respondent with deportability as an alien who entered the United States without inspection and listing his address as an "International Emergency Shelter" ("IES"), in Los Fresnos, Texas, where he was detained.[1] The Order to Show Cause reflects that it was served upon the "Director of IES."  The respondent appeared unrepresented and unaccompanied at deportation hearings held on May 30, 1995, and June 13, 1995.

The respondent argues that the Service did not properly serve the Order to Show Cause.  In the case of a minor under 14 years of age, service of an Order to Show Cause shall be made upon the person with whom the minor resides. *See* 8 C.F.R. §§ 103.5a(c)(2)(ii), 242.1(c), 242.3(a) (1996). The respondent argues specifically that the Order to Show Cause was not properly served because he cannot be regarded as having "resided" at the IES. We disagree with this argument.

The Immigration and Nationality Act defines the term "residence" as "the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent." Section 101(a)(33) of the Act, 8 U.S.C. § 1101(a)(33) (1994).

Thus, while an alien is detained by action of the Service, his place of residence is the particular setting in which he is detained, for that setting is the alien's actual dwelling place in fact, without regard to his intent. Accordingly, we find that the Order to Show Cause in question here could properly have been served despite the respondent's detention at the IES.

---

[1] In its response to the respondent's appeal the Service footnotes that the respondent has absconded from custody. We do not regard this contention as evidence. *Matter of Ramirez-Sanchez,* 17 I&N Dec. 503 (BIA 1980). The record does not reflect that the respondent has absconded from Service custody, and we do not consider that issue in adjudicating the respondent's appeal.

Our finding that the respondent resided at the IES at the time of the service of the Order to Show Cause does not end our inquiry however. Service of an Order to Show Cause shall be made upon the person with whom the minor under the age of 14 resides. 8 C.F.R. § 103.5a(c)(2)(ii). The record reflects that the Order to Show Cause was served on the director of the IES facility in which the respondent was detained, and that the respondent was under the age of 14 years at that time. We consider the regulatory language that the "service shall be made upon the person with whom . . . the minor resides," found at 8 C.F.R. § 103.5a(c)(2)(ii), to be broad enough to encompass service upon the director of an IES facility in which an alien under the age of 14 years is detained.[2] We also regard the purpose of this regulation as providing for service of the Order to Show Cause upon the person or persons who are most likely to be responsible for ensuring that an alien appears before the Immigration Court at the scheduled time. Service of the Order to Show Cause upon the IES director in this case clearly satisfied that purpose; i.e., the respondent appeared at his scheduled deportation hearing.

Failing to adopt this reasonable interpretation of the somewhat ambiguous regulatory language could lead to an absurd situation in which the Service would be unable to serve an Order to Show Cause in the case of an alien under the age of 14 years if it places that alien, as it may pursuant to 8 C.F.R. § 242.24(c) (1996), in a privately contracted detention facility. *See Reno v. Flores,* 507 U.S. 292, 313 (1993). Such a result would unreasonably impede the Service in its efforts to meet its obligation to proceed with reasonable dispatch, as required to avoid habeas corpus proceedings. *See* section 242(a)(1) of the Act, 8 U.S.C. § 1252(a)(1) (1994); *Reno v. Flores, supra*, at 313-14 (stating that alien juveniles are expected to remain in Service detention an average of 30 days).

Because we find that service of the Order to Show Cause upon the director of the IES facility in which the respondent was detained at that time constituted service upon a person with whom the respondent resided at that time, we conclude that service of the Order to Show Cause charging the respondent with deportability was proper. Accordingly, the appeal will be dismissed with regard to this issue.

## III. DETERMINATION OF DEPORTABILITY

### A. Admissions of Unaccompanied or Unrepresented Minors Under the Age of 16

In his decision, the Immigration Judge stated that "[u]pon the basis of the respondent's admissions, I have determined that the respondent is deportable on the charge[s] in the Order to Show Cause." That Order to Show Cause

---

[2] We note that 8 C.F.R. § 103.5a(c)(2)(ii), unlike 8 C.F.R. § 103.5a(c)(2)(i), covers both persons who are confined in institutions and those who are not.

alleged that the respondent was a native and citizen of Honduras who entered the United States on or about April 29, 1993, and was not then inspected by an immigration officer.

The respondent appears to argue that under 8 C.F.R. § 242.16(b) (1996), the Immigration Judge could not properly have based a finding that he is deportable upon his admissions alone, and therefore that the Immigration Judge erred in finding him deportable. We disagree with the first part of the respondent's argument.

A determination of deportability shall not be valid unless it is found by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true. 8 C.F.R. § 242.14(a) (1996). If a respondent admits the factual allegations and his deportability under the charges in the Order to Show Cause and no issues of fact or law remain, it may be determined that deportability as charged is established by the admissions of the respondent. *See* 8 C.F.R. § 242.16(b). However, an Immigration Judge shall not accept an admission of deportability from an unrepresented respondent who is under the age of 16 and is not accompanied by a guardian, relative, or friend. *Id*. When the Immigration Judge may not accept an admission of deportability, he shall direct a hearing on the issues. *Id*.

The respondent correctly argues that 8 C.F.R. § 242.16(b) is designed to protect the interests of unaccompanied and unrepresented minors under the age of 16. In the case of other persons in deportation proceedings, an Immigration Judge presented with admissions to the factual allegations and charges of deportability listed on an Order to Show Cause may proceed to a finding of deportability without engaging in a comprehensive, independent inquiry. Such a respondent is presumed to be capable of understanding whether the factual allegations made against him are accurate, and whether, to a reasonable extent, he is a person to whom the charges of deportability apply.

In the case of an unaccompanied and unrepresented minor under the age of 16 years, however, 8 C.F.R. § 242.16(b) requires that an Immigration Judge may not accept such a minor's admission to a charge of deportability because the minor is presumed to be incapable of determining whether a charge applies to him. However, 8 C.F.R. § 242.16(b) does not preclude an Immigration Judge from accepting such a minor's admissions to factual allegations. Minors under the age of 16, even when unaccompanied and unrepresented, are not presumed incapable of understanding the content of those allegations and of determining whether they are true.[3]

---

[3] Our decision is not contrary to the holding of the United States Court of Appeals for the First Circuit in *Davila-Bardales v. INS*, 27 F.3d 1 (1994). In that case the First Circuit observed that the Board had, in unpublished decisions, applied inconsistent interpretations of the meaning of 8 C.F.R. § 242.16(b), and the court required the Board to adhere to its earlier interpretation. *Davila-Bardales v. INS, supra* at 3-5. We now set out our understanding of the meaning of 8 C.F.R. § 242.16(b) in a decision designated as precedent under 8 C.F.R. § 3.1(g) (1996).

Because an unaccompanied and unrepresented minor under the age of 16 may not effectively admit to a charge of deportability, an Immigration Judge must exercise particular care in determining such a person's deportability. The minor's age and pro se and unaccompanied status must be taken into consideration. The Immigration Judge must consider the reliability of the testimony given by such a minor in response to the factual allegations made against him in determining, after a comprehensive and independent inquiry, whether there is clear, unequivocal, and convincing evidence of the minor's deportability as charged in the Order to Show Cause. If the Immigration Judge is assured that the respondent is both capable of understanding, and in fact understands, any facts that are admitted, and that those facts establish deportability, they may form the sole basis of a finding that the minor is deportable. The appeal will therefore be dismissed with regard to this issue.

## B. Admissions of the Respondent

Although we disagree with the respondent's assertion that the Immigration Judge may not base a finding of deportability on his factual admissions under 8 C.F.R. § 242.16(b), we nevertheless agree that the Immigration Judge erred in finding that he is deportable as charged. The record reflects that the respondent admitted that he is a native and citizen of Honduras who entered the United States on or about April 29, 1995. The transcript of the proceedings contains the following exchange between the respondent and the Immigration Judge, who posed the questions:

Q. Were you inspected by an Immigration officer at that time?

A. Yes.

Q. You presented yourself to inspection to an immigration officer at that time?

A. Yes.

Q. How did you cross? Did you come across the river?

A. Yes.

Q. You got caught. You didn't present yourself to an Immigration officer. You got caught? Is that right?

A. No.

Q. Well then what happened?

A. I presented myself at the shelter.

Q. You came across and just went to the shelter then?

A. Yes.

Q. You didn't go to an Immigration officer?

A. No.

The quoted testimony constitutes the entirety of the evidence upon which the Immigration Judge based his finding of the respondent's deportability. We find that the respondent's "admissions" regarding the circumstances of his entry into the United States do not establish by clear, unequivocal, and convincing evidence that the respondent entered the United States without inspection, as the Order to Show Cause charges. At the least, the respondent's testimony equivocates, and is unclear, on the issue of whether he was not inspected by an immigration officer, one of the factual allegations made in the Order to Show Cause. Because the Immigration Judge's finding of deportability is not based on clear, unequivocal, and convincing evidence that the facts alleged as grounds for the respondent's deportation are true, that finding is not valid.[4] 8 C.F.R. § 242.14(a). Accordingly, the appeal will be sustained with regard to the finding of deportability, and the Immigration Judge's June 26, 1995, decision will be vacated.

However, the respondent's admission that he was born in Honduras is clear, unequivocal, and convincing evidence that shifts to him the burden of showing the time, place, and manner of his entry under section 291 of the Act, 8 U.S.C. § 1361 (1994). *Matter of Benitez*, 19 I&N Dec. 173 (BIA 1984). The respondent offered testimony that, as we have discussed, is unclear and equivocal on the issue of his entry, and that was elicited in a manner that we do not find exercised the care required in the case of an unrepresented and unaccompanied respondent under the age of 16. In order that the respondent may be called upon to bear his burden of proving the time, place, and manner of his entry in proceedings that are conducted consistent with this opinion, the record will be remanded to the Immigration Judge.

**ORDER:**    The appeal is dismissed in part and sustained in part, and the decision of the Immigration Judge is vacated.

**FURTHER ORDER:**    The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[4] The record reflects that the Immigration Judge received into evidence a Record of Deportable Alien (Form I-213) alleged by the Service to relate to the respondent and to establish his alienage and the time, place, and manner of his entry into the United States. The Immigration Judge's decision, however, does not refer to this evidence. *Cf. Matter of M-P-*, 20 I&N Dec. 786 (BIA 1994) (holding that the Immigration Judge's decision must identify and fully explain the reasons for denial of a motion to reopen deportation proceedings). Moreover, in light of the unresolved ambiguity reflected in the minor respondent's testimony, we find that the factual information contained in the Form I-213 is not in itself sufficient to establish the respondent's deportability by clear, unequivocal, and convincing evidence. *Cf. Matter of Barcenas*, 19 I&N Dec. 609, 611 (BIA 1988) (concerning the sufficiency of a Form I-213); *Matter of Toro*, 17 I&N Dec. 340 (BIA 1980) (same).