United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-60936
Summary Calendar

URIE ALEJANDRO VERDUZCO-CONTRERAS,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review from the
Board of Immigration Appeals
(A75-892-375)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

Urie Alejandro Verduzco-Contreras petitions for review of a Board of Immigration Appeals' (BIA) affirmance, without opinion, of an Immigration Judge's (IJ): order of removal; denial of adjustment of status; and denial of voluntary departure. Verduzco-Contreras contends the IJ: improperly admitted in evidence a Form I-9 seized in an illegal search; committed legal error in finding petitioner's false claim to being a United States national was equivalent to a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

false claim of United States citizenship, rendering him ineligible for adjustment status or voluntary departure; erred in finding petitioner lacked good moral character; and erred in denying a continuance for adjudication of Petitioner's I-130 Petition for Alien Relative. Verduzco-Contreras also claims the BIA erred in affirming the IJ's order without opinion.

Verduzco-Contreras entered the United States without inspection in 1989. The former Immigration and Naturalization Service brought removal proceedings against Verduzco-Contreras beginning in 2001. On 27 March 2001, at his first appearance before the IJ, Verduzco-Contreras admitted he: (1) is a native of Mexico; (2) is not a citizen or national of the United States; (3) entered the United States on or about 1989; and (4) was not then admitted or paroled after inspection by an Immigration officer. Pursuant to these admissions, Verduzco-Contreras conceded removability. He subsequently applied for adjustment of status.

On 24 February 2003, the INS entered an additional charge against Verduzco-Contreras: that he falsely "represented [himself] to be a citizen of the United States on a Form I-9 for the purpose of obtaining employment in the United States", in violation of § 212(a)(6)(C)(ii) of the Immigration and Nationality Act (INA); and that, to support his false claim of citizenship, he submitted a driver's license issued by the State of Texas and a Social Security

card. At a hearing before the IJ on 18 July 2003, Verduzco-Contreras admitted these allegations.

Pursuant to this admission, the IJ entered an order of removal and denied petitioner's request for voluntary departure. Additionally, the IJ denied Verduzco-Contreras' request for adjustment of status because his application was incomplete. Verduzco-Contreras appealed to the BIA, which affirmed without opinion.

Although this court generally reviews BIA, not IJ, decisions, we may review an IJ's decision when, as here, the BIA affirms without opinion. *Thuri v. Ashcroft,* 380 F.3d 788, 791 (5th Cir. 2004). We have exclusive jurisdiction to review a final order of removal, 8 U.S.C. § 1252(a)(1), with review being limited to the administrative record, *id*. § 1252(b)(4)(A). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary". *Id*. § 1252(b)(4)(B). And, "a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law". *Id*. § 1252(b)(4)(C).

Verduzco-Contreras claims the IJ erred in ordering his removal based on an improperly admitted Form I-9. He does not contest, however, he conceded: at the March 2001 hearing, that he is subject to removal because he entered the United States without inspection; and, at the July 2003 hearing, that he falsely claimed to be a

3

United States citizen to gain employment. These concessions are judicial admissions upon which the IJ was entitled to rely. *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)(holding "[a] judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them"). Additionally, Verduzco-Contreras has not shown he objected at the hearing to the IJ's decision to admit the Form I-9. Absent any such objection, the IJ was well within his discretion to accept the document. *See United States v. L.A. Trucker Truck Lines, Inc*, 344 U.S. 33, 37 (1952). Furthermore, absent Petitioner's showing "egregious violations of [the] Fourth Amendment", we decline to consider his contention the Form I-9 was admitted as the fruit of an illegal search. *Gonzalez-Rivera v. I.N.S*., 22 F.3d 1441, 1448 (9th Cir. 1994) (internal quotation omitted). "It is well-established that the Fourth Amendment exclusionary rule is not to be applied in deportation proceedings." *Mendoza-Solis v. I.N.S*., 36 F.3d 12, 14 (5th Cir. 1994)(citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984)). For these reasons, the IJ's order of removal was not "manifestly contrary to law". § 1252(b)(4)(C).

Next, Verduzco-Contreras claims: at the July 2003 hearing, the IJ improperly denied a motion for continuance for his application for status adjustment. Petitioner contends he is eligible to adjust his status to a lawful permanent resident

4

because he is the spouse of a United States citizen. The Government, on the other hand, claims Petitioner never made such a motion. Petitioner does *not* respond to this point in his reply brief. Moreover, he does *not* cite the relevant part of the record. Concomitantly, based on our review, we do not find the motion. Therefore, we decline to consider this claim.

Verduzco-Contreras contends the IJ erred in finding Verduzco-Contreras lacked good moral character. This finding related solely to the IJ's denial of Petitioner's request for voluntary departure, and *not* his request for status adjustment. This court does not have jurisdiction to review a denial for voluntary departure. 8 U.S.C. § 1229c(f).

Lastly, Verduzco-Contreras claims the BIA erred in affirming the IJ without opinion because the streamlining regulations were not applicable. Verduzco-Contreras claims erroneously that the legal issues in dispute are not guided by clear precedent. Judicial admissions are binding on the party who makes them. ***Martinez***, 244 at 476. This principle is so well settled that a three-Member review is not warranted. 8 C.F.R. § 1003.1(e)(6)(iii).

***DENIED***

5