United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-60261

(Summary Calendar)
_____

SHEHERYAR SEWANI,

                                        Petitioner,

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

                                        Respondent,

_____

Petition for Review from the
Board of Immigration Appeals,
No. A79 005 391
_____

Before SMITH, GARZA, AND PRADO, Circuit Judges.

PER CURIAM:[*]

     Petitioner appeals the decision of the Board of Immigration

Appeals' affirmance of the Immigration Judge's order of removal.

We AFFIRM.

I

     Petitioner is twenty-one years old and a citizen of

Pakistan.  He was admitted to the United States in 1990 on a six-

_____

     [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

month visa.  Without seeking authorization from the Immigration and Naturalization Service ("INS"), now the Department of Homeland Security ("DHS"), Petitioner remained in the United States for more than the six-month period.  After voluntarily appearing at the DHS office in Houston in March 2003 pursuant to the "special registration" that was mandated by the National Security Entry/Exit Registration Statute ("NSEERS"), the government determined that Petitioner's lawful immigration status had ended.  It issued Petitioner a Notice to Appear, charging him as removable pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), as a nonimmigrant remaining in the United States for longer than permitted.  Petitioner's hearing was set for July 28, 2003.

After allowing a continuance of Petitioner's case to November 13, 2003, the Immigration Judge ("IJ") found that there was no relief available.  The IJ therefore ordered Petitioner to be removed from the United States to Pakistan.  Petitioner appealed to the Board of Immigration Appeals ("BIA"), which adopted and affirmed the decision of the IJ.  Petitioner now appeals the decision of the BIA.


II

Petitioner makes four arguments: (1) that the NSEERS had a discriminatory and disparate impact on him in violation of his due process rights under the Fifth Amendment; (2) that the DHS

2

did not follow its own policies and procedures in issuing Petitioner's Notice to Appear; (3) that he was denied "his fundamental right to present a defense" because the DHS did not respond to his Freedom of Information Act ("FOIA") request; and (4) that the IJ abused his discretion in admitting evidence from the government allegedly obtained in violation of his due process rights.

We review questions of law de novo and review factual conclusions of the BIA for substantial evidence. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). As the Immigration and Naturalization Act ("INA") states, in pertinent part, "the court of appeals shall decide [a] petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Also, we accord broad deference to the BIA's interpretations of the statutes and regulations that it administers. Carbajal-Gonzalez, 78 F.3d at 197 (citing Chevron USA, Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984).

First, Petitioner argues that NSEERS was unconstitutional "as applied to him," because he is not "the kind of person Congress intended to reach with the enactment of the NSEERS." Congress's distinguishing among nationalities for purposes of setting immigration policy is not constitutionally problematic. We have previously stated that

> [t]he core of Congress's power over immigration is the
> ability to set the requirements an alien must meet to
> qualify for admission to, or continued residence in, the

3

Untied States or for naturalization as a United States citizen. Due process does not require Congress to grant aliens from all nations with the same chances for admission to or remaining with the United States. Congress may permissibly set immigration criteria that are sensitive to an alien's nationality or place of origin. It is not for this Court to question Congress's decisions on such matters.

Rodriguez-Silva v. INS, 242 F.3d 243, 248 (5th Cir. 2001).

It is uncontested that Petitioner was born in, and is therefore a citizen of, Pakistan. Congress plainly gave notice in the Federal Register that citizens of Pakistan, including Petitioner, were required to appear before and register with the former INS. See Registration of Certain Nonimmigrant Aliens from Designated Countries, 67 Fed. Reg. 77642 (Dec. 18, 2002); Registration of Certain Nonimmigrant Aliens from Designated Countries, 68 Fed. Reg. 8046 (Feb. 19, 2003).

Second, we agree with the BIA that Petitioner's argument that the charging document was not properly issued is unavailing. Petitioner complains that the Notice to Appear was signed by a person he claims was not authorized to do so, and that the INS, which initiated the Notice to Appear, no longer existed at the time of its issuance. We address these claims in turn.

Petitioner's Notice to Appear was signed by the Interim District Director, who Petitioner claims was unauthorized since "Interim District Director" is not listed in 8 C.F.R. § 239.1,[1]

---

[1] This section reads:

(A) Issuance of notice to appear. Any immigration officer, or supervisor thereof, performing an inspection of an

4

which regulates who may issue a Notice to Appear.  We find that the title "Interim District Director" is self-explanatory: the Interim District Director is acting in the capacity of the District Director for a temporary period until the position is permanently filled.  Thus, acting in the capacity of the District Director, the Interim District Director was authorized to issue Petitioner's Notice to Appear pursuant to 8 C.F.R. § 239.1.

In addition, Petitioner's complaint that the INS which initiated the Notice to Appear subsequently ceased to exist is unavailing.  In March 2003, the functions of the INS were transferred to the DHS.  See Authority of the Secretary of Homeland Security; Delegations of Authority; Immigration Laws, 68 Fed. Reg. 10922 (Mar. 6, 2003).  Thus, the DHS assumed the INS's role with regard to charging Petitioner with removability.

With regard to Petitioner's third argument, the administrative record provides no evidence that Petitioner made a request of the DHS under FOIA.  Even if he had, Petitioner is unclear as to what information he expected to receive from the FOIA request.  He states, "Such information requested by [p]etitioner could have been particularly crucial to

---

arriving alien at a port-of-entry may issue a notice to appear to such alien.  In addition, the following officers, or officers acting in such capacity, may issue a notice to appear:

(1) District directors (except foreign) . . . .

8 C.F.R. § 239.1 (emphasis added).

5

[p]etitioner's defense or needed for defense strategy" (emphasis added). "Proof of a denial of due process in an administrative proceeding requires a showing of substantial prejudice." Ka Fung Chan v. INS, 634 F.2d 248, 258 (5th Cir. 1981). Petitioner fails to show any prejudice from his unsatisfied FOIA request.

Finally, Petitioner argues that the IJ abused his discretion by allowing into evidence Form I-213 (Record of Deportable/Inadmissible Alien), which records the information Petitioner offered at his NSEERS interview at the DHS office in Houston. Petitioner complains that the contents of the I-213 were obtained in a manner "fundamentally unfair to him," in that "he was not properly advised of his rights to have counsel, or advised that any information he gave could and would likely be used against him in any future immigration proceeding." As we have previously held, "Miranda warnings are not required in the deportation context, for deportation proceedings are civil, not criminal in nature, and the Sixth Amendment safeguards are not applicable." Bustos-Torres v. INS, 898 F.2d 1053, 1056 (5th Cir. 1990)(citing Trias-Hernandez v. INS, 528 F.2d 366, 368 (5th Cir. 1975)). Likewise, the Fifth Amendment is inapplicable to Petitioner's case. While it is true that "deportation hearings must conform to due process standards [and] an alien's involuntary statements cannot be used against him in a deportation hearing," id. at 1057, Petitioner has failed to show the requisite "coercion, duress, or improper action on the part

6

of the immigration officer," <u>id.</u> (internal quotation marks omitted), to evidence involuntariness.  We find that the IJ did not abuse his discretion in admitting this form into evidence.

Thus, we AFFIRM the order of the BIA affirming the decision of the IJ issuing removal of the Petitioner to Pakistan.