United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20174

ABDEL ALRAHMAN AL-MOUSA

Petitioner - Appellant

versus

ALBERTO R. GONZALES, et al.

Respondents - Appellees

Appeal from the United States District Court
for the Southern District of Texas
(No. H-04-4189)

Before GARWOOD, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Abdel Alraham Al-Mousa ("Al-Mousa") challenges the district court's denial of his petition for habeas corpus on the basis that he is entitled to relief under the Convention Against Torture ("CAT").

### I. FACTS & PROCEEDINGS

**A. Background**

Al-Mousa was deported to his native country, Syria, approximately one year ago. He testified before the Immigration

---

[*]Under 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Judge ("IJ") that he left his home in Hama, Syria in 1982 after units of the Syrian military massacred several members of his family in an action against the city of Hama, which at the time was a stronghold of militant opposition to the Syrian government. Al-Mousa testified that he became an outspoken critic of the Syrian government following the massacre, and was subsequently imprisoned and tortured for three months. After his release, he resided in Jordan until 1992, when he moved to the United States.

**B. Proceedings**

In February 1998, the government initiated deportation proceedings against Al-Mousa because he was present in the United States in violation of United States law,[1] and he was convicted of making false statements to immigration authorities, a crime of moral turpitude.[2] Al-Mousa then petitioned for asylum on the basis that he feared torture at the hands of the Syrian government if he was deported. The IJ found that Al-Mousa was not a credible witness and, as there was no corroborating evidence to support Al-Mousa's alleged anti-government statements, the IJ denied asylum. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without discussion. Al-Mousa then appealed to this court, and we denied his appeal in an unpublished opinion.

In March 2004, the government took Al-Mousa into custody

---

[1] 8 U.S.C. § 1227(a)(1)(B).

[2] Id. at § 1227(a)(2)(A)(i).

2

pending deportation.  Al-Mousa petitioned the district court for a writ of habeas corpus in November 2004 alleging, <u>inter alia</u>, that the government was deporting him in violation of its obligations under the CAT.  The district court dismissed the petition on the basis that it lacked jurisdiction because Al-Mousa could have raised his CAT claim on direct review before either the BIA or this court, but he failed to do so.  Al-Mousa appeals from this order.

## II. ANALYSIS

At the outset, the parties dispute whether we should treat this case as an appeal of a denial of a habeas corpus petition under 28 U.S.C. § 2241, or a petition for review under the Real ID Act of 2005, which became effective May 11, 2005 — while this appeal was pending.  The Real ID Act amends the Immigration and Nationality Act to eliminate habeas review of orders of removal. Specifically, the law provides that:

> Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of Title 28, or any other habeas corpus provision... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal issued under any provision of this chapter.[3]

Although Congress was silent as to the effect of the Real ID Act on § 2241 cases pending on appeal, we have held that "habeas petitions on appeal as of May 11, 2005... are properly converted into

---

[3] 8 U.S.C. § 1252(a)(5).

petitions for review."[4]  Accordingly, we will treat Al-Mousa's appeal as a petition for review.

Section 1252(d) provides that we may review a petition only if, inter alia, the alien exhausts his administrative remedies.  An alien can fulfill this obligation by raising the issue on direct appeal to the BIA.[5]  Here, Al-Mousa could have raised his CAT claim on direct review before either the BIA or this court, but he failed to raise his CAT claim until now.  Accordingly, under section 1252(d), we cannot review Al-Mousa's claim because he failed to exhaust his administrative remedies.

Al-Mousa contends that he is excused from the requirement that he exhaust his administrative remedies under Eduard v. Ashcroft.[6]  Al-Mousa's reliance on Eduard is misplaced.  In Eduard, the petitioners alleged facts that may have entitled them to asylum under CAT in their petition, but they failed to expressly identify CAT as the legal theory under which they sought relief until the case was on direct review.[7]  Under those circumstances, we held that the petitioners had sufficiently raised a CAT claim and remanded to the IJ for reconsideration.[8]  Al-Mousa's situation is

---

[4]Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005).

[5]Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004).

[6]379 F.3d 182 (5th Cir. 2004).

[7]Id. at 185.

[8]Id. at 196.

4

distinctly different. In *Eduard* the CAT had come into force before the alien executed his asylum application. Here, by contrast, the CAT did not come into force until after Al-Mousa had appealed to the BIA; the CAT came into effect while his appeal was pending before the BIA, but before he filed his brief with the BIA; notwithstanding that the CAT was in effect when that brief was filed it makes no mention of the CAT (nor was any mention of the CAT made in Al-Mousa's appeal to this court). While he stated in his petition for asylum that he feared torture if deported to Syria, Al-Mousa —— unlike the <u>Eduard</u> petitioners —— <u>never</u> identified CAT as one of the legal theories underlying his claim to the BIA or to this court on direct review. Simply alleging facts without articulating a legal theory for recovery is insufficient to exhaust administrative remedies as to the unstated legal theory. Instead, an alien must at the very least place the BIA on notice of the legal theory to which those facts apply during the direct review process. Thus, Al-Mousa's argument is unpersuasive. Moreover, Al-Mousa is not entitled to relief because under 8 U.S.C. § 1252(d)(2) "[a] court may review a final order of removal only if . . . another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding."

## III.  CONCLUSION

For the foregoing reasons, Al-Mousa's petition for review is DENIED.