HAYNES, Circuit Judge,
concurring in the judgment.
I concur in the judgment. However, I diverge from the majority in the reasoning underlying the decisions expressed in sections II.C and II.D. I write briefly to explain.
As In re Efrain Amaya-Castro, 21 I. & N. Dec. 583 (BIA 1996), contemplates, an IJ is not permitted merely to accept a *699 minor’s admissions to factual allegations expressed in an 1-213, procured through an interrogation of an unaccompanied, unrepresented minor. Instead, the IJ must inquire into the reliability of the minor’s statements in light of the circumstances surrounding the interrogation. That IJ inquiry did not occur here. The BIA and the majority excuse the IJ’s lack of inquiry by stating that Gonzalez “prevented the IJ from conducting an Amaya inquiry by invoking his Fifth Amendment right against self-incrimination.” That is factually inaccurate. The Fifth Amendment invocation took place after the 1-213 was already admitted. Thus, its invocation did not preclude an Amaya-type inquiry.[1]
Nonetheless, I concur in the decision because, at the hearing in question, Gonzalez’s attorney never expressly requested that the IJ conduct an Amaya hearing. Having failed to request such a hearing, his complaint about the lack of a hearing rings hollow. Hannah v. United States, 523 F.3d 597, 600 (5th Cir.2008) (“arguments raised for the first time on appeal will not be considered” (citation omitted)).
Similarly, I disagree with the discussion in section II.D, and it. is unnecessary. Although Gonzalez’s attorney “invoked the right to cross-examine” the 1-213 preparer, he never stated that the IJ should summon the preparer, and he did not otherwise request the preparer’s presence there. He never obtained a ruling from the IJ one way or the other on whether the IJ would summon the preparer, and we have no information about whether the preparer was nearby or far away.[2] Thus, Gonzalez failed to preserve any error on this point, and it is unnecessary to reach the merits of this argument.

. Nothing indicates that the IJ concluded that the Fifth Amendment invocation was improper or that it prevented him from conducting a necessary inquiry into the already-admitted I-213. The transcript of the hearing shows that, after discussing for a few pages whether Gonzalez had any legitimate fear of criminal prosecution, the IJ ruled as follows: 'T will go ahead and allow you to make a blanket Fifth Amendment assertion on his right to respond and I think that's probably appropriate under the circumstances ... instead of having him come up and attempt to go through you, trying to get him to assert a right that he has, that, or maybe he doesn't have, I'm not exactly certain on that ...." (emphasis added). Thus, the IJ sustained the blanket assertion.

. In the context of making numerous objections to admission of the 1-213, Gonzalez’s attorney stated: “And, so I would also invoke respondent's right to cross examine the offi- ■ cer that prepared this document. And, I don’t know if the officer's available or not, we will certainly |be] prepared to question him in connection with the interrogation that he conducted.” After all the objections were made, the IJ overruled them and admitted the 1-213. Gonzalez's attorney never asked to summon the preparer, and the IJ never ruled on that question.