# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2012

No. 11-60405
Summary Calendar

Lyle W. Cayce
Clerk

SANDY PAMELA TORRES-HERNANDEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 917 822

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sandy Pamela Torres-Hernandez, a native and citizen of Mexico, petitions for review of the decisions of the Board of Immigration Appeals (BIA) affirming the denial of her motion to suppress and denying her motion for reconsideration. She argues that the BIA and Immigration Judge (IJ) erred in denying her motion to suppress the Form I-213; that the form should have been suppressed because it contained information obtained as a result of immigration agents' egregious conduct in violation of her Fourth and Fifth Amendment rights; and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that an immigration inspection was not proper because the Harlingen airport is not the equivalent of the border.

The BIA and IJ did not err in denying Torres-Hernandez's motion to suppress. Even if she had shown a constitutional violation, the airport immigration agent obtained only her identity from her Texas identification card, and her identity is not suppressible. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038-39 (1984). Further, Torres-Hernandez's alienage and immigration status were not suppressible as this information was obtained through an independent search of the Traveler Enforcement Compliance System (TECS) after immigration agents learned her identity. *See id.* at 1043; *United States v. Herrera-Ochoa*, 245 F.3d 495, 498 & n. 4 (5th Cir. 2001); *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir.1999). Further, the BIA and IJ did not err in finding that the conduct of the immigration agents was not egregious. *See Lopez-Mendoza*, 468 U.S. at 1050-51; *Gonzalez-Reyes v. Holder*, 313 F. App'x 690, 692-95 (5th Cir. 2009) (affirming denial of motion to suppress by 14-year-old unaccompanied alien who alleged that he answered questions because he was fearful and confused; officer was irritated and angry; he was made to sign papers he did not understand; and if he had known he could remain silent, he would have done so and called his mother).[1]

Torres-Hernandez has not shown that the BIA improperly made fact findings or substituted its judgment for that of the IJ concerning the voluntariness of her actions or statements. Neither the IJ nor the BIA based their decisions on the voluntariness of Torres-Hernandez's actions and statements. The BIA considered Torres-Hernandez's testimony that the airport immigration agent "took" her Texas identification card and reasonably inferred that the agent learned her identity from her identification card. The BIA found

---

[1] Although *Gonzales-Reyes* is unpublished, it is persuasive authority. *See United States v. Davis*, 602 F.3d 643, 650 (5th Cir. 2010).

that the record reflected that agents confirmed Torres-Hernandez was an illegal alien through a search of the TECS. The BIA did not make any improper fact findings that were inconsistent with the IJ's fact findings or unsupported by the record.

Torres-Hernandez argues that the form was inadmissible in the absence of the testimony of the maker because she challenged the accuracy of the form and argued that the information was obtained under coercion or duress. The IJ considered and rejected her argument, finding that the form was admissible because she testified that she answered the questions truthfully and because her testimony did not establish that the information in the form was inaccurate. The IJ and BIA found there were no egregious circumstances and implicitly found that her statements were not obtained under coercion or duress. Although Torres-Hernandez challenged the voluntariness of her actions and statements, she did not challenge the accuracy of the alienage and immigration status information in the form. Because the decisions of the IJ and the BIA were based on her alienage and immigration status which she did not show was inaccurate, she has not shown that the IJ and BIA erred in finding that the form was admissible to prove her alienage and immigration status. *See, e.g., Matter of Barcenas*, 19 I & N Dec. 609, 611 (BIA 1988).

PETITION DENIED.